

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XKXXGKXXKXXGKXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1016
Re: A sheriff commissioned by the Governor, under authority of Article 1005, C.C.P., must look for his compensation to the provisions of Article 1006, C.C.P. This is true, although he also holds a capias for the arrest of the fugitive.

Your letter of recent date addressed to this office reads as follows:

"A Sheriff secures a requisition from the Governor and goes to a foreign state to return a prisoner. He is armed with both requisition and capias. After reaching the foreign state, the defendant signs a waiver of extradition, and the sheriff returns home without using the requisition. Should the Sheriff collect mileage fee from my appropriation to the State line and return or should he file expense account with the Governor to be paid from the Governor's Law Enforcement Fund? I refer you to conference opinion No. 2862 and the Dwight Brightman versus Sheppard Case."

Conference Opinion No. 2862, Reports of Attorney General, 1930-1932, p. 291, dated July 12, 1931, and referred to in your letter, construed the law to be that when a sheriff was commissioned by the Governor of Texas to go to another state after a fugitive from justice for whom the governor had issued a requisition, he could receive such compensation only as the Governor might allow him, under the authority conferred by Article 1006, C.C.P.

Mr. Brightman, sheriff of Comanche County, being dissatisfied with our conclusions of law, sought to have the Supreme Court compel you to approve his account, which you had previously refused to do, in which he had a claim for mileage to and from the state line. The facts in the case may be briefly stated as follows: He had been commissioned by the governor to go to the State of Montana for a fugitive from justice who had been indicted in Comanche County for a felony. He was also armed with a capias issued for the refugee by the district clerk of Comanche County. This capias was read to the fugitive by the sheriff as soon as the sheriff and his prisoner crossed the state line at Dalhart, Texas. Brightman claimed no compensation from Dalhart to the place of arrest in Montana nor for returning the prisoner to Dalhart, but sought only the statutory fee fo

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Bruce W. Bryant
   Bruce W. Bryant
   Assistant

BWB : LM : wc


APPROVED JULY 6, 1939
s/ W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/RWF Chairman